'(V.D. 101)

ASTRA TRADING CORP. *v.* UNITED STATES

Entry No. 781678.

(Decided October 15, 1959)

*Barnes, Richardson & Colburn* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This matter is before me on remand from classification proceedings decided by the first division of this court in *Astra Trading Corp.* v. *United States*, 40 Cust. Ct. 530, Abstract 61848, and it has been submitted for decision on a written stipulation, reading as follows:

IT IS STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States concerning the merchandise referred to in the attached Schedule A, as follows:

1. Said merchandise consists of binoculars and leather carrying cases which, in *John P. Herber & Co., Inc.* v. *United States*, C.D. 1519, this Court held to be subject to appraisment separately according to the value of each class of articles.

2. At the time of exportation of such merchandise to the United States, the price at which such or similar merchandise was freely offered for sale to all purchasers, in the principal markets of the country from which exported, in the usual wholesale quantities in the ordinary course of trade for exportation to the United States, is the unit price as shown in the attached Schedule A, in United States currency, less the proportionate share of non-dutiable charges as

found by the appraiser plus the proportionate cost of cases and packing as invoiced the foreign value of such or similar merchandise being no higher.

3. The case is abandoned as to merchandise not listed in the attached Schedule A, and may be deemed to be submitted for decision upon this stipulation.

On the agreed facts, I hold that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402 (d) of the Tariff Act of 1930, and that such statutory value therefor is the unit prices (in United States currency) as shown in schedule "A," hereto attached and made a part hereof, less the proportionate share of nondutiable charges, as found by the appraiser, plus the proportionate cost of cases and packing, as invoiced.

As to all other merchandise, except that hereinabove identified, the case is dismissed.

Judgment will be rendered accordingly.